United States District Court
District of Massachusetts

| | |
|---|---|
| In the matter of G&J Fisheries, Inc. as Owner of F/V Georges Banks,<br><br>            Plaintiff,<br><br>For Exoneration from or Limitation of Liability | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   20-11704-NMG<br>)<br>)<br>) |

MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of a complaint filed by G&J Fisheries, Inc. ("G&J" or "petitioner") for exoneration from or limitation of liability pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule F"). G&J seeks exoneration from or limitation of liability for any injuries, damages or losses arising out of or resulting from a claimed personal injury on or about June 15, 2017. In accordance with Rule F, the Court ordered that all persons having such injuries, losses or damages file claims by November 18, 2020.

On July 8, 2021, G&J filed the pending motion for entry of default as to all persons who failed to file claims by that deadline. Eduino Costa ("Costa" or "claimant") opposes the motion is so far as it bars his claim, which he asserts was

sufficiently preserved in an answer he submitted on November 17, 2020.  Costa thus seeks the denial of G&J's motion for entry of default against his claim and, in the alternative, permission to submit a late claim.

After examining the record on this matter, the Court has determined that a hearing on the pending motion is unnecessary.

I.   **Motion for Default**

   **A. Legal Standard**

Rule 55 of the Federal Rules of Civil Procedure provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Though the power to grant default judgment is within the broad discretion of the trial court, see Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451 (1st Cir. 1992), "entry of default judgment is a drastic measure that should only be employed in extreme situation[s]." Dimanche v. Massachusetts Bay Transportation Auth., 893 F.3d 1, 10–11 (1st Cir. 2018) (internal quotations and citations omitted).  Courts prefer to resolve disputes on the merits. See, e.g., Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349, 356 (1st Cir. 1996); Niemic v. Maloney, 409 F. Supp. 2d 32, 37 (D. Mass. 2005).  Default judgments are intended to protect diligent parties whose

adversaries are clearly unresponsive. See, e.g., Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63 (1st Cir. 2002) (citation omitted).

### B. Application

Unlike typical civil actions, in which pleadings may take a variety of forms, see Fed. R. Civ. P. 7(a), adequate pleadings arising from admiralty or maritime claims are more narrowly defined.  Once a court issues notice to all potential claimants regarding a vessel owner's complaint seeking exoneration from or limitation of liability:

> Claims shall be filed and served on or before the date specified in the notice....  Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued.  If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Supplemental Admiralty Rule F(5).  To avoid default judgment, a claimant is thus not required to file an answer, "but to preserve his right to recover...he must file a claim." In re Columbia Leasing L.L.C., 981 F. Supp. 2d 490, 494 (E.D. Va. 2013), and cases cited; see also 8 Benedict on Admiralty § 8.01 (2021) (reflecting that the first pleading must be the claim, which may include an answer).

Costa asserts that the answer he filed on November 17, 2020 preserved his claims against G&J but the plain language of Rule

F, which requires a claimant to file a claim rather than an answer, refutes his logic. The Court is unaware of any caselaw construing an answer as a claim under Rule F to save a claimant from default judgment and Costa cites none. His own pleadings on the pending motion to dismiss, which he alternately refers to as an answer, an answer and pleadings, or pleadings, are revealing. Whatever the filing is, it is not a claim, as required under Rule F, and is therefore insufficient to preserve Costa's cause of action against G&J. Costa is in default.

This does not end, however, the inquiry because Costa, in the alternative, seeks permission to file a late claim. "For cause shown, the court may enlarge the time within which claims may be filed." Supplemental Admiralty Rule F(4).

> So long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims upon a showing of the reasons therefor.

Lloyd's Leasing Ltd. v. Bates, 902 F.2d 368, 371 (5th Cir. 1990) (quoting Texas Gulf Sulphur v. Blue Stack Towing Co., 313 F.2d 359 (5th Cir.1963)), and cases cited. Case law suggests that Rule F, like Fed. R. Civ P. Rule 60(b)(1), sets a standard of "excusable neglect" in allowing a late claim. In re Urbelis, 2018 WL 701350, n.5 (D. Mass. 2018); see also Alter Barge Line, Inc. v. Consol. Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001) ("[A]n explanation rather than a justification for the

delay will suffice" for late claimants in admiralty proceedings).

Excusable neglect is a broad category that includes "inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control." Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)).  Courts determine whether excusable neglect has occurred with an equitable analysis that examines the totality of the circumstances. Id. at 38-39.  Among other factors, courts consider: (1) the explanation for the delay, (2) whether the non-movant will be prejudiced and (3) whether the party requesting relief acted in good faith. Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014).  The pivotal factor "is the reason for the particular oversight." Id. (quoting Nansamba, 727 F.3d at 39). "At a bare minimum" the party seeking to alter the judgment "must offer a convincing explanation as to why the neglect was excusable." Nansamba, 727 F.3d at 39.

Here, claimant has provided no such explanation.  The assertion that Costa believed that his rights were sufficiently protected under the pleading filed initially is impossible to reconcile with the plain language of Rule F, as well as clear

precedent requiring claimants to file claims, rather than answers.  Costa has failed to present a convincing excuse for that error, particularly when it is noted that among his counsel were experienced practitioners who recently filed claims in other limitation proceedings governed by Rule F.

Even assuming, arguendo, that Costa's filing error was inadvertent, the failure of his counsel to admit to this oversight in either his initial filing or his sur-reply undermines his good faith.  Costa's inability to remedy this clear error during the full year since his initial filing was careless.  "Relief from a tardy claim...depends upon an equitable showing," In re Urbelis, 2018 WL 701350, at *4 (quoting Texas Gulf Sulphur, 313 F.2d at 363), a showing that Costa has not made here.

### ORDER

For the foregoing reasons, the motion of petitioner G&J for entry of default (Docket No. 22) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 5, 2021