United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| In the matter of G&J Fisheries, Inc. as Owner of F/V Georges Banks, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-11704-NMG |
| For Exoneration from or Limitation of Liability | ) ) ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a complaint filed by G&J Fisheries, Inc. ("G&J" or "petitioner") for exoneration from or limitation of liability pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule F").  G&J seeks exoneration from or limitation of liability for any injuries, damages or losses arising out of or resulting from a claimed personal injury on or about June 15, 2017.  In accordance with Rule F, the Court ordered that all persons having such injuries, losses or damages file claims by November 18, 2020.

In November, 2021, this Court allowed the petitioner's motion for entry of default as to all persons who failed to file such claims.  Pending is petitioner's motion for default judgment, to which Eduino Costa ("Costa") and Elizabeth & Niki

- 1 -

Fishing Corporation ("E&N") have filed oppositions. Those oppositions, however, also request affirmative relief. More specifically, Costa requests a stay of proceedings pending his interlocutory appeal of the entry of default and E&N requests that this Court set aside the entry of default and allow its own claim for indemnification or contribution from G&J, which was filed in July, 2021.

I. **Motion for Stay**

Costa has appealed this Court's entry of default to the First Circuit Court of Appeals and contends that these proceedings should be stayed until the resolution of that appeal. Although the basis upon which Costa requests such relief is difficult to discern, he seems to suggest that failing to do so will prejudice his claim. That assertion is, however, only tenuously supported by citation to Federal Rule of Civil Procedure 60 and 28 U.S.C. § 1292. Neither of those provisions advance Costa's claim because they concern the jurisdiction of appellate courts, not the appropriateness of stays pending appeal.

A stay is "an intrusion into the ordinary process of administration and judicial review" and is therefore an exercise of discretion rather than a "matter of right". Picone v. Shire, LLC, No. 1:16-CV-12396-ADB, 2020 WL 3051871, at *1 (D. Mass.

June 8, 2020) (quoting Nken v. Holder, 556 U.S. 418, 427 (2009)). Under the familiar standard for a stay, a court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken, 556 at 425-26 (quotation omitted). Costa, as the moving party, bears the burden to show that the stay is justified. Id., 556 U.S. at 418.

Costa makes no effort to meet that burden. Moreover, this Court is skeptical that he would be able to do so if he tried based upon the reasons set forth in the Court's Memorandum and Order with respect to G&J's motion for entry of default (Docket No. 36), as well as the uniformity with which courts have found that an entry of default, in contrast to default judgment, is not an appealable order. See United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004); see also 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.5 (2d ed. 1992) ("The distinction between entry of default and entry of judgment on the default is as important in determining the rules of appealability as it is in determining many other matters of default procedure. Rulings with respect to default made before

entry of judgment are not final."). Both of those considerations undermine Costa's effort to demonstrate a likelihood of success on the merits of the pending appeal.

## II. Motion to Set Aside Entry of Default

E&N has moved for this Court to set aside the entry of default and to allow its claim against G&J. E&N filed that claim in July, 2021, nine months after the deadline set pursuant to Rule F. Notably, E&N filed neither for leave to submit a late claim nor any opposition to the subsequent entry of default, as to which there was extensive briefing by other parties.

Although Rule F governs the procedures applicable to limitation proceedings such as this one,

> [t]he Federal Rules of Civil Procedure also apply...except to the extent they are inconsistent with [the] Supplemental Rules.

Fed. R. Civ. P. Supp. R.A(2). As there is no Supplemental Rule with respect to default judgment, the petitioner's motion is governed by Federal Rule of Civil Procedure 55, pursuant to which entry of default can be set aside for "good cause," a "liberal" standard. See Fed. R. Civ. P. 55(c); Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). That standard is not applied formulaically and instead turns on the unique facts of each case. See McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st

Cir. 1996). In determining whether an entry of default should be set aside to allow a late filing, however, a district court typically considers:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented

Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010). Those factors are not, however, exclusive. See id. Although the burden of establishing good cause rests with defaulted party, see KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 14 (1st Cir. 2003),

> the philosophy that actions should ordinarily be resolved on their merits' dictates that a district court should resolve doubts in favor of a party seeking relief from the entry of a default.

Leshore v. County of Worcester, 945 F.2d 471, 472 (1st Cir. 1991) (quotation omitted).

As an initial matter, E&N incorrectly characterizes the applicable standard in its pleading, setting forth instead that which is relevant for assessing a party's request to file a late claim prior to entry of default. That standard is more liberal than the standard applicable here, which requires not just "cause" but "good cause." Contrast In re Urbelis, No. 15-CV-12358-ADB, 2018 WL 701350, at *5 (D. Mass. Feb. 2, 2018) with Indigo, 597 F.3d at 3. Applying the more permissive standard, E&N contends that the entry of default should be set aside and

its late claim accepted because G&J only filed its claim against E&N in the related limitation proceeding in June, 2021. E&N suggests that it had no reason to seek indemnification or contribution from G&J in the pending suit until G&J filed that reciprocal claim.

While E&N provides an explanation, perhaps sufficient to satisfy the lower standard, it fails to establish the good cause required. E&N's contribution and indemnity claim was in response to Costa's state court lawsuit, which was filed in June, 2020, and is independent of G&J's own indemnity and contribution claim against E&N. Moreover, E&N has provided no explanation as to why it neither sought permission when filing its initial claim after the stated deadline nor opposed G&J's motion for entry of default last year. As discussed <u>supra</u>, had E&N done so, it would have faced more forgiving standards:

> Rule 55(c), as an express[ion of] the traditional inherent equity power of the federal courts, permits the consideration of a panoply of relevant equitable factors.

<u>KPS & Assocs.</u>, 318 F.3d at 12. The failure of E&N to pursue its interests in the pending litigation until this late hour weighs heavily against it.

### III. **Motion for Default Judgment**

Default may be entered when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise

defend against the action. See Fed. R. Civ. P. 55(a). A court may subsequently enter default judgment in such a case. See Fed. R. Civ. P. 55(b)(2). For the reasons stated herein, as well as for those enumerated in the Court's prior Memorandum & Order (Docket No. 36), there are no remaining, legally cognizable claims contesting G&J's right to exoneration from liability and default judgment is therefore appropriate.

## ORDER

For the foregoing reasons, the motion of petitioner G&J for default judgment (Docket No. 42) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 14, 2022